UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICIA BROWN,

    Plaintiff,                                  Hon. Paul L. Maloney

v.                                           Case No. 1:13-cv-01072-PLM

AMERICAN MUTUAL HOLDINGS
INC., et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff brought this action seeking damages under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1962, *et seq.*, and the Michigan Occupational Code (MOC), M.C.L. § 339.901, *et seq*. This matter is before the Court on plaintiff's motion for partial summary judgment as to liability on the FDCPA claim. (ECF No. 54). Defendants have failed to respond, and the time for responding has long passed. Judge Maloney referred this matter to me for report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth herein, I recommend that the Court grant the motion and enter partial judgment against defendants on the issue of liability.

## Procedural History

This case has been pending since September 30, 2013. (Complaint, ECF No. 1). Defendants answered on October 28, 2013. (ECF No. 5). The parties participated in a Rule 16 scheduling conference on March 3, 2014. (Minutes, ECF No. 16). The Court

issued a Case Management Order, setting a discovery deadline of December 3, 2014, and a dispositive motion deadline of January 5, 2015. (ECF No. 17, PageID.103-04).

On November 4, 2014, counsel for defendants filed an unopposed motion to withdraw from representing defendants American Mutual Holdings, Inc., Check Systems, LLC, and InterChex Systems, LLC. (ECF No. 27). Counsel cited as a basis for this motion a Stipulated Order for Preliminary Injunction entered in the Western District of New York against all the named defendants in this case, except Alan Fielitz. (ECF No. 27, PageID.163 (citing *Federal Trade Commission, et al. v. National Check Registry, LLC, et al.*, Case No. 14-cv-00490, ECF No. 35 (July 10, 2014 W.D.N.Y.)). Counsel noted that, among other things, the preliminary injunction provided for the appointment of a receiver to assume exclusive control of all assets, documents, and electronically-stored information of all affected defendants. (ECF No. 27, PageID.163). Counsel also noted that the preliminary injunction purported to stay all proceedings in judicial districts around the country. (*Id.* (*See* W.D.N.Y. Preliminary Injunction, Stay of Actions, § XVI (copy found on the docket in this case at ECF No. 20-1, PageID.144-45)).

During a November 4, 2014, status conference, the Court ordered the parties to file briefs addressing the issue "whether this case should be stayed or is stayed by the [Western District of New York] action." (Minutes, ECF No. 28). The Court took defense counsel's motion to withdraw under advisement. (*Id.*). A month later, defendants' counsel filed an unopposed motion to withdraw as counsel for the individual defendants, citing the lack of cooperation from the Western District of New

York receiver and the individual defendants' direction to withdraw due to their inability to pay counsel. (ECF No. 30, PageID.169-70). At a December 29, 2014, hearing, counsel for defendants and plaintiff advised the Court that neither was able to find legal authority for the proposition that the Western District of New York preliminary injunction operated to stay the proceedings in this District.[1] The Court granted defense counsel's motions to withdraw. (12/29/14 Order, ECF No. 36). Defense counsel provided the Court with contact information for the defendants.

On December 29, 2014, the Court noticed a status conference for January 29, 2015, mailing a copy of the notice to all defendants, using addresses provided by defense counsel. (Notice, ECF No. 37). None of the defendants appeared at the January 29, 2015, status conference. (Minutes, ECF No. 38). On January 30, 2015, the Court entered an amended Case Management Order, extending the discovery and dispositive motion deadlines to March 30, 2015. (ECF No. 40). The dispositive motion deadline was extended again, at plaintiff's request, to May 20, 2016. (ECF No. 53).

The Court held status conferences on April 9, 2015, and August 6, 2015, at which none of the defendants appeared. (Minutes, ECF No. 43, 49). In addition, none of the defendants appeared at a settlement conference on May 8, 2015. (Minutes, ECF No. 45). No attorney has since filed an appearance to represent any of the defendants.

Plaintiff filed the instant motion on May 20, 2016. (ECF No. 54). Defendants have failed to respond.

---

[1] An audio recording of this hearing was made, which may be transcribed if needed.

## Applicable Standards

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *McKay v. Federspiel*, 823 F.3d 862, 866 (6th Cir. 2016). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Rocheleau v. Elder Living Const., LLC*, 814 F.3d 398, 400 (6th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The Court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *France v. Lucas*, 836 F.3d 612, 624 (6th Cir. 2016).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 788 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). To sustain this burden, the nonmoving party may

not rest on the mere allegations of her pleadings. *See Ellington v. City of E. Cleveland*, 689 F.3d 549, 552 (6th Cir. 2012); *see also Scadden v. Werner*, No. 16-1876, __ F. App'x __, 2017 WL 384874, at *4 (6th Cir. Jan. 27, 2017). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989); *see Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 533 (6th Cir. 2012). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].' " *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see Brown v. Battle Creek Police Dep't*, 844 F.3d 556, 565 (6th Cir. 2016).

A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). The moving party without the burden of proof needs only show that the opponent cannot sustain his burden at trial. "But where the moving party has the burden – the plaintiff on a claim for relief or the defendant on an affirmative defense – his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (citation and quotation omitted). Summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

Defendants' failure to respond to the summary judgment motion triggers the provisions of Rule 56(e). "If a party fails . . . to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . (2) consider the fact undisputed for purposes of the motion; [or] (3) grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it . . . ." FED. R. CIV. P. 56(e).

**Proposed Findings of Fact**

In support of her motion for partial summary judgment, plaintiff has submitted a declaration, subject to the penalties of perjury. (Brown Decl., ECF No. 55-2). The following undisputed facts are established by that declaration, which, in some instances, are supported by the answer:

In May of 2012, plaintiff Patricia Brown borrowed some $600.00 from Allied Check Cashing Michigan LLC (Allied), and she used the money for personal, family and household purposes. (Brown Decl. at ¶ 1, PageID.249; Answer at ¶ 18, ECF No. 5, PageID.55-56). Plaintiff failed to repay the debt. (Brown Decl. at ¶ 2, PageID.249; Answer at ¶ 20, PageID.56). Allied charged off and sold the account and related debt to a third party. (Brown Decl. at ¶ 2, PageID.249; Answer at ¶¶ 21-22, PageID.56).

On August 12, 2013, defendants American Mutual Holdings Inc. (AMH), Check Systems, LLC (Check Systems) and Interchex Systems, LLC (Interchex Systems) placed a call to plaintiff's cellular telephone and used a computer-generated voice to leave the following message on Ms. Brown's voice mail:

> Patricia Brown. I'm contacting you from the Process and Summons Division. I'm calling to notify you that there will be two charges filed against you in your county. Looks like fraudulent activity has been attached to your name and your social security number. Patricia Brown, I do need to make you aware of your legal rights to address your charges prior to them being filed against you. You need to do so before you receive the [] summons at your place of employment or at your home address. Once you're served, your rights will be forfeited. Your case number is AL4655. Their telephone number is 414-433-4786. You will need to speak to someone in their legal department.

(Brown Decl. at ¶ 3, PageID.249-50). The message left on Ms. Brown's voice mail was a script, drafted and approved by defendants Joseph C. Bella, III, and Alan E. Fielitz. (Brown Decl. at ¶ 4, PageID.250; *see also* Answer at ¶ 25, PageID.57 (neither admitting nor denying)).

On August 21, 2013, an agent and employee of AMH, Check Systems and Interchex Systems spoke by telephone with plaintiff and made the following statements: (1) a complaint had been filed against plaintiff with two "charges" pending, one for breach of contract and the other for "intent to defraud a financial institution"; (2) plaintiff's account was "bought out by investors and a group of attorneys who have sued [her]"; (3) the account was bought by the "Pleadings and Summons Division for Grand Rapids, Michigan"; and (4) plaintiff owed a balance of $612. 83. (Brown Decl. at ¶ 7, PageID.251). During this telephone call, the caller advised plaintiff: "I can contact our arbitration department and then offer you a one-time payment. I'm going to speak with the lawyer. Please hold. [forty-five second pause] The lawyer will settle for $250.00 today." (*Id.*).

On September 16, 2013, an agent and employee of AMH, Check Systems and Interchex Systems placed a call to plaintiff's cellular telephone and left the following message on her voice mail:

> Good morning. This is a courtesy notification call intended for Patricia Brown. My name is Adam Claybow, senior representative, contacting you from Check Systems. I've actually been retained to contact you being that you have a file here in the office which is forwarded up to me for a final review in regards to allegations which [are] being filed against your name and social security number. I would like to discuss the allegations with you before assuming your involvement in any malicious intent. It is important that you get involved before your stay of claim [has] expired here in the office within the next twenty-four hours. If there is no return phone call, I will be forced to make a decision on your behalf, with or without your consent, by the close of business tomorrow. You can reach me directly at 585-730-6155. You must refer to your reference I.D. number, that is 38-8377. Once again Miss Brown, I'm gonna be making a very important legal decision this week concerning some of your personal financial business. I would like to give you the opportunity to be a part of that decision. However, in order to do so you must contact me immediately, prior to the matter being entered into the Check Systems data base. I will be in the office until 5:00 p.m. Eastern Standard Time. Once again, my name is Adam Claybow, you can reach me at 585-730-6155 pertaining to reference l.D. number 38-8377. Please contact me as soon as possible. Thank you.

(Brown Decl. at ¶ 9, PageID.251-52). The message left on Ms. Brown's voice mail was a script, drafted and approved by defendants Bella and Fielitz. (*Id.* at ¶ 10, PageID.256; *see also* Answer at ¶ 48, PageID.63 (neither admitting nor denying)).

On September 24, 2013, plaintiff sent an email to defendants at the contact address listed by AMH on its internet website, stating that she had received telephone calls from defendants claiming that charges had been filed against her for fraud in connection with her unpaid Allied Cash Advance account, and asking AMH

to provide her with information so that she could decide who to contact regarding payment of the account. (Brown Decl. at ¶ 11, PageID.252). That same day, defendant Bella sent an email to defendant Fielitz, stating: "Alan, Please help this nice lady. Thank you. Joe Bella." Bella copied plaintiff on the email. (*Id.* at ¶ 12).

Later in the day on September 24, defendant Fielitz placed a call to plaintiff's cellular telephone, and left the following message on her voice mail:

> This is Alan Fielitz with American Mutual Holdings calling Patricia Brown. Received your email relative to the Allied Cash Advance account. If you call me back on my direct toll free number, 888-460-4088, I'm sure I can help you with this situation. If I don't answer, I may be out of the office or on the phone, just leave a detailed message with your contact information so that I can call you back. Thanks a lot. Bye.

(*Id.* at ¶ 13, PageID.252-53). Defendant Fielitz also sent plaintiff an email, stating: "Patricia, I got your e-mail and just left a voice message for you. Please give me a call and I'm sure I can help you get this situation handled. Thanks for taking the time to contact us on our website." (*Id.* at ¶ 14, PageID.253). Plaintiff responded by email, stating that she preferred to communicate by email. (*Id.* at ¶ 15).

Still later in the day on September 24, defendant Fielitz sent plaintiff two emails. In the first, he stated: "I'm just heading [out] the door for a meeting, but when I get back I will give you the account details and the options for getting the situation handled. Thanks for getting back to me so quickly." In the second email, defendant Fielitz stated:

> The original loan was from as you stated Allied Cash Advance, acct #177599307. At the time you listed an address at 2910 Marshall Ave SE, Apt 16A, Grand Rapids, Michigan. The loan was obtained on May 9, 2012. You listed as references, Danice McCholuk, Diane

> Jackson, and Janice Cotton. This company purchased all rights to the account on 8/7/13, giving it ownership of the account. You were being contacted by Check Systems LLC, the company we authorized to contact customers to recover[] payment. The current balance when we obtained the account is $812.83.

(Brown Decl. at ¶ 17, PageID.253-54).

On September 24, 2013, defendant Bella sent an email to defendant Fielitz, stating: "Alan, I see no damages arising from her late response. Please allow her name and ss# to be removed from Check Systems as soon as she pays today. And please remove me from this thread. Thanks all. Joe Bella." Defendant Bella copied plaintiff on the email. (*Id.* at ¶ 18. PageID.254).

Each of the defendants "uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts and regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." (Brown Decl. at ¶¶ 21-25, PageID.254-55).

## **Discussion**

The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors, to ensure that debt collectors who abstain from such practices are not completely disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)). It is a remedial statute that should be liberally construed. *See Frey v. Gangwish II*, 970 F.2d 1516, 1521 (6th Cir. 1992). Because the FDCPA is a strict liability statute, "a consumer may recover statutory damages if the debt collector violates [the statute] even if the consumer suffered no

actual damages." *Fed. Home Loan Mort. Corp. V. Lamar*, 503 F.3d 504, 513 (6th Cir. 2007) (citing 15 U.S.C. § 1692k(a)).

"A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. In addition, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The FDCPA provides a non-exhaustive list of six examples of conduct that constitutes harassment or abuse, and sixteen examples of conduct that constitutes false or misleading representations. *See* 15 U.S.C. §§ 1692d(1)-(6), 1692e(1)-(16). The Sixth Circuit applies an objective "least sophisticated consumer" standard in determining whether a debt collector's actions were misleading or deceptive. *Smith v. Transworld Sys., Inc.*, 953 F.2d 1025, 1028 (6th Cir. 1992). A collection notice is deceptive if it is reasonably subject to two or more meanings, at least one of which is inaccurate. *Fed. Home Loan Mortg. Corp. V. Lamar*, 503 F.3d at 512.

In order to establish liability under the FDCPA, plaintiff must establish four elements: (1) that she is a "consumer"; (2) that her "debt" arose out of a transaction that was "primarily for personal, family or household purposes"; (3) that the defendant is a "debt collector"; and (4) that the defendant engaged in conduct that violated the act. *See, e.g., Wallace v. Wash. Mutual Bank, F.A.*, 683 F.3d 323, 326 (6th Cir. 2012).

Plaintiff plainly meets the FDCPA's definition of a "consumer," which is "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). She borrowed some $600 from Allied Check Cashing, a debt she was obligated to repay. This was a "debt" covered by the FDCPA, as plaintiff used the borrowed funds for personal, family, and household purposes. *See* 15 U.S.C. § 1692a(5). As demonstrated by the undisputed testimony in plaintiff's declaration, defendants used an instrumentality of interstate commerce – email – in an effort to collect the debt, an activity that is part of the principal purpose of defendants' businesses. Accordingly, the defendants are "debt collectors," as defined by the act. *See* 15 U.S.C. § 1692a(6).

Plaintiff asserts that the facts, as outlined in her declaration, establish that defendants violated two of the FDCPA's anti-harassment provisions, and that their conduct fell within nine of the act's examples of false or misleading representations. (Pltf's Br. at 15, ECF No. 55, PageID.238 (citing 15 U.S.C. §§ 1692d(1) and (6), and 1692e(2)(A), (3)-(5), (7), (10), (11), (13), and (14)). Having reviewed plaintiff's undisputed assertions of fact, I find that there is sufficient basis to find that defendants have individually and collectively violated one or more of the FDCPA's proscriptions.[2]

---

[2]A single violation of the provisions of the FDCPA is sufficient to establish liability. *See* 15 U.S.C. § 1692k(a) ("any debt collector who fails to comply with *any* provision of this subchapter with respect to any person is liable to such person" (emphasis supplied)).

For example, in the message on August 12, 2013, the computer-generated caller stated that he/she was from the "Process and Summons Division," that "charges" were going to be filed against plaintiff in Kent County, Michigan, and that she needed to contact the caller to avoid receiving a summons, the result of which would be a forfeiture of her legal rights. (Brown Decl. at ¶ 3, ECF No. 55-2, PageID.249-50). The reasonable inference of this communication is that plaintiff would be charged with a crime and that she would lose her legal rights unless she took immediate action to address the debt. This constitutes, at a minimum, a "false representation or deceptive means to collect or attempt to collect any debt." 15 U.S.C. § 1692e(10).

## **Recommended Disposition**

For the foregoing reasons, I recommend that the Court grant plaintiff's motion for partial summary judgment against defendants, limited to a finding that each defendant has violated the FDCPA. Issues relating to the determination of damages and an award of costs and attorneys fees would be resolved in later proceedings.

                                        Respectfully submitted,

Dated: June 6, 2017                /s/ Phillip J. Green
                                        PHILLIP J. GREEN
                                        United States Magistrate Judge

## **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).